UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH D. JOHNSON,<br>ANDREW BRYANT, and<br>CHRISTOPHER BRYANT,<br><br>    Defendants. | No. 8:25-cv-02072-WFJ-CPT |

**FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST
ANDREW BRYANT**

Plaintiff United States has filed a motion for entry of final judgment that resolves all the United States' claims against Andrew Bryant in this case. The Court grants that motion and enters final judgment as set forth below.

A.  The Court has personal jurisdiction over Andrew Bryant. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7408.

B.  Without admitting any of the allegations in the Complaint, Andrew Bryant voluntarily consents to the entry of the Final Judgment of Permanent Injunction.

C.  Pursuant to 26 U.S.C. §§ 7402 and 7408, Andrew Bryant is permanently enjoined from directly or indirectly:

1. Organizing, promoting, or selling (or assisting others in organizing, promoting, or selling) bargain sale transactions, or any other plan or arrangement that involves the claiming of charitable contribution deductions based on the purported value of donated real property;

2. Participating (directly or indirectly) in bargain sale transactions, or any other plan or arrangement that involves the claiming of charitable contribution deductions based on the purported value of donated real property;

3. Making or furnishing (or causing another to make or furnish) a statement, in exchange for compensation, about the allowability of any tax deduction or credit, the excludability of any income, or the securing of any other tax benefit, as a result of participating in bargain sale transactions, or any other plan or arrangement that involves the claiming of charitable contribution deductions based on the purported value of donated real property;

4. Making or furnishing (or causing another to make or furnish) gross value overstatements as a result of participating in bargain sale transactions, or any other plan or arrangement that involves the claiming of charitable contribution deductions based on the purported value of donated real property;

5. Preparing (or assisting others in preparing) any federal tax return, or any document that may be filed in support of a tax return or other

submission to the IRS claiming tax benefits resulting from participating in bargain sale transactions, or any other plan or arrangement that involves the claiming of charitable contribution deductions based on the purported value of donated real property;

6. Preparing (or assisting in the preparation of) any appraisal that is intended or purports to be a "qualified appraisal" within the meaning of 26 U.S.C. § 170(f)(11)(E);

7. Encouraging or advising (or assisting others in encouraging or advising) others to claim charitable contribution deductions on any federal tax return.

D. Pursuant to 26 U.S.C. § 7402, Andrew Bryant shall, by February 28th each year for each of the next 5 years, sign a declaration under penalty of perjury affirming that he has not engaged in any of the conduct identified in paragraph C., above, during the prior calendar year. Andrew Bryant shall send that declaration to the following two recipients at the following addresses (unless directed otherwise by counsel for the United States):

Internal Revenue Service
Lead Development Center
25520 Commercentre Drive
Mail Stop 5040
Lake Forest, CA 92630

Department of Justice, Civil Division
Deputy Director, Tax Litigation Branch, Central Region
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044

E.   Pursuant to 26 U.S.C. § 7402, Andrew Bryant shall, within 30 days of entry of the Final Judgment of Permanent Injunction in this case:

1.   Produce to counsel for the United States a complete list of all individuals or entities, since 2020, for whom he prepared an appraisal report to be used in connection with federal taxes and/or executed IRS Form 8283. The list shall be in the form of an Excel spreadsheet, and shall include each such individual's or entity's name, address, email address, phone number, and Social Security or tax identification number;

2.   Send, by mail or email at the expense of Andrew Bryant, a copy of the judgment in this case to each individual or entity identified in paragraph E.1., above. The mailings may include a cover letter, but such letter must be in a form either agreed to by counsel for the United States or approved by this Court, and shall not include any other documents or enclosures, unless agreed to by counsel for the United States or approved by this Court;

3.   Provide a copy of the Final Judgment of Permanent Injunction in this case to all of Andrew Bryant's employees and independent contractors, and provide to counsel for the United States a signed and dated acknowledgment of receipt for each person who was provided such a copy. Except for the Final Judgment of Permanent Injunction in this case, no additional materials may be included in the notification to the

employees and independent contractors, unless approved by counsel for the United States or approved by this Court;

    4.   Prominently display the Final Judgment of Permanent Injunction in this case on the front page of all websites that Andrew Bryant controls or maintains and that reference the provision of professional appraisal services, and continue to display it for the next 5 years.

F.    Andrew Bryant shall file with the Court, within 45 days of entry of the Final Judgment of Permanent Injunction in this case, a certification signed under the penalty of perjury that he has complied with paragraph E., above.

G.    Andrew Bryant shall not make any statements, written or oral, or cause or encourage others to make any statements, written or oral, that misrepresent any of the terms of the Final Judgment of Permanent Injunction in this case.

H.    The Court shall permit the United States to engage in post-judgment discovery to ensure and monitor compliance with the Final Judgment of Permanent Injunction in this case.

I.    The Court shall retain jurisdiction over this action for the purpose of implementing and enforcing the Final Judgment of Permanent Injunction in this case.

J.    Pursuant to Fed. R. Civ. P. 65(d)(2), this Final Judgment of Permanent Injunction in this case binds the following who receive actual notice of it by personal service or otherwise:

    1.   Andrew Bryant;

2. the officers, agents, servants, employees, and attorneys of Andrew Bryant, including but not limited to the officers, agents, servants, and employees at Bryant Asset Advisors; and

3. other persons who are in active concert or participation with anyone described in (1) and (2) above.

Because there is no just reason for delay, the Clerk of Court is directed to enter this judgment under Fed. R. Civ. P. 54(b) against Andrew Bryant.

Ordered this 12th day of December 12, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE