**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSEPH D. JOHNSON,
ANDREW BRYANT, and
CHRISTOPHER BRYANT,

Defendants.

No. 8:25-cv-02072-WFJ-CPT

**FINAL JUDGMENT OF PERMANENT INJUNCTION**
**AGAINST JOSEPH D. JOHNSON**

The United States of America and Joseph D. Johnson have filed a joint motion for entry of final judgment that resolves all the United States' claims against Joseph D. Johnson in this case. Dkt. 31. The Court grants that motion and enters final judgment as set forth below.

A. The Court has personal jurisdiction over Johnson. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7408.

B. Pursuant to 26 U.S.C. §§ 7402 and 7408, Johnson is permanently enjoined from:

1. Organizing, promoting, or selling (or assisting others in organizing, promoting, or selling) bargain sale transactions, or any other plan or

arrangement that involves the sale of real property to a tax-exempt organization for less than the property's fair market value;

2. Participating (directly or indirectly) in bargain sale transactions, or any other plan or arrangement that involves the sale of real property to a tax-exempt organization for less than the property's fair market value;

3. Making or furnishing (or causing another to make or furnish) a statement, in exchange for compensation, about the allowability of any tax deduction or credit, the excludability of any income, or the securing of any other tax benefit, as a result of participating in bargain sale transactions, or any other plan or arrangement that involves the sale of real property to a tax-exempt organization for less than the property's fair market value;

4. Making or furnishing (or causing another to make or furnish) valuations as a result of participating in bargain sale transactions, or any other plan or arrangement that involves the sale of real property to a tax-exempt organization for less than the property's fair market value;

5. Preparing (or assisting others in preparing) any federal tax return, or any document that may be filed in support of a tax return or other submission to the IRS claiming tax benefits resulting from participating in bargain sale transactions, or any other plan or arrangement that involves the sale of real property to a tax-exempt organization for less than the property's fair market value;

6. Preparing (or assisting in the preparation of) any appraisal that is intended or purports to be a "qualified appraisal" within the meaning of 26 U.S.C. § 170(f)(11)(E);

C. Pursuant to 26 U.S.C. § 7402, Johnson shall, by February 28th each year for each of the next 5 years, sign a declaration under penalty of perjury affirming that he has not engaged in any of the conduct identified in paragraph B., above, during the prior calendar year. Johnson shall send that declaration to the following two recipients at the following addresses (unless directed otherwise by counsel for the United States):

Internal Revenue Service
Lead Development Center
25520 Commercentre Drive
Mail Stop 5040
Lake Forest, CA 92630

Department of Justice, Civil Division
Tax Litigation Branch, Central Region
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044

D. Pursuant to 26 U.S.C. § 7402, Johnson shall, within 30 days of entry of the Final Judgment of Permanent Injunction in this case, remove all content from the following online publishing, video-sharing, or social media platforms:

1. "@welfont7803" YouTube account (consisting of 94 videos);
2. "@groupwelfont" account at Medium.com;
3. "welfontgroup" account at Linkedin.com;
4. "@WelfontGroup" account at X.com (formerly known as Twitter).

In addition, Johnson shall act with reasonable diligence to remove any additional content from any online publishing, video-sharing, or social media platforms, of which he is now aware, or of which he later becomes aware, that Johnson used, individually or through an entity, to promote or sell bargain sale transactions.

E. Johnson shall file with the Court, within 45 days of entry of the Final Judgment of Permanent Injunction in this case, a certification signed under the penalty of perjury that he has complied with paragraph D., above.

F. Johnson shall not make any statements, written or oral, or cause or encourage others to make any statements, written or oral, that misrepresent any of the terms of the Final Judgment of Permanent Injunction in this case.

G. The Court shall permit the United States to engage in post-judgment discovery to ensure and monitor compliance with the Final Judgment of Permanent Injunction in this case.

H. The Court shall retain jurisdiction over this action for the purpose of implementing and enforcing the Final Judgment of Permanent Injunction in this case.

I. Pursuant to Fed. R. Civ. P. 65(d)(2), entry of the Final Judgment of Permanent Injunction in this case binds the following who receive actual notice of it by personal service or otherwise:

1. Joseph D. Johnson;
2. the officers, agents, servants, employees, and attorneys of Joseph D. Johnson; and

3. other persons who are in active concert or participation with anyone described in (1) and (2) above.

J. The Clerk is directed to close the case as Joseph D. Johnson is the sole remaining Defendant.

**DONE AND ORDERED** at Tampa, Florida, on August 31, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**